**UNITED STATES DISTRICT COURT4**
**NORTHERN DISTRICT OF NEW YORK**

_____

**IN RE: AIMEE O'NEIL,**                                 **Case No. 5:20-PF-0003 (GTS)**

                                    **Respondent.**

_____

### PRE-FILING ORDER

On March 19, 2010, a Bar Order was issued against Aimee O'Neil

("Respondent"), preventing her from "filing any future pro se actions in this Court without

prior leave." *O'Neil v. Bebee*, 09-CV-1133, Bar Order, at 1 (N.D.N.Y. filed Mar. 19,

2010) (Suddaby, J.). On July 2, 2020, the Court learned of a transfer to this District of

an action filed *pro se* by Respondent in another federal district court (the District of

Nevada). *O'Neil v. Bebee*, 20-CV-0720, Order, at 1 (N.D.N.Y. filed June 2, 2020)

(Baxter, M.J.).   At that time, the Court was asked three questions by Chief U.S.

Magistrate Judge Andrew T. Baxter: (1) whether the Bar Order of March 19, 2020, is still

in effect; (2) if so, whether the Bar Order requires Plaintiff to apply for permission to file

this action; and (3) whether the Court deems any further action appropriate.   *Id.*

After carefully considering the matter, the Court finds that, although the Bar

Order of March 19, 2010, is still in effect, it does not (as it is currently written) limit the

transfer of Respondent's Complaint from the District of Nevada to this District. This is

because the Bar Order limits merely the *pro se* filing of "actions," not the *pro se* filing of

"documents" in those actions. However, it was the intent of the Court (on March 19,

2010) to limit the *pro se* filing of "documents" in actions. Furthermore, such an intention

encompassed the sort of *pro se* filings made by Respondent in the action transferred

from the District of Nevada. *See, e.g., O'Neil v. City of Oswego*, 20-CV-0940, Partial

Motion to Proceed in Forma Pauperis (D. Nev. filed May 26, 2020). The Court notes that

such a restriction (on the filing of "documents" in a transferred action) is entirely

permissible as long as the transferred action (as it is here) clearly should have been

venued in this District.   *See In re: Leon R. Koziol*, 15-AF-0005, Order, at 2-5 & nn.2, 3

(N.D.N.Y. filed Dec. 19, 2019) (Suddaby, C.J.) (collecting cases). Under the

circumstance, the only remaining requirements are notice to Respondent and an

opportunity to be heard.

As a result, on July 9, 2020, the Court gave Respondent fourteen days by which

to show cause in writing why the Bar Order of March 19, 2010, should not be amended

(under the new title of "Pre-Filing Order") to apply to her "filing of any documents pro se

in actions in this Court without prior leave" including in *O'Neil v. City of Oswego*,

20-CV-0720 (N.D.N.Y.). (Dkt. No. 1.)   To date, Respondent has not responded. (*See

generally* Docket Sheet.)

For these reasons, and those stated in the Court's Order to Show Cause and Bar

Order, Respondent is permanently enjoined from filing any pleadings or documents of

any kind (including motions) as a *pro se* plaintiff in the U.S. District Court for the

Northern District of New York without prior permission of the Chief Judge or his or her

designee, subject to the requirements outlined below.

> **NOTICE TO PRO SE LITIGANT: FAILURE TO STRICTLY
> COMPLY WITH THE REQUIREMENTS OUTLINED
> BELOW MAY SUBJECT YOU TO FURTHER SANCTIONS,
> INCLUDING THE DISMISSAL OF YOUR
> COMPLAINT/PETITION OR STRIKING OF YOUR
> SUBMISSION.**

**ACCORDINGLY**, it is

**ORDERED** that, pursuant to 28 U.S.C. § 1651(a), Respondent is permanently enjoined from filing any pleadings or documents of any kind (including motions) as a *pro se* plaintiff in the U.S. District Court for the Northern District of New York without prior permission of the Chief Judge or his or her designee,[1] subject to the requirements outlined below; and it is further

**ORDERED** that the Clerk of the United States District Court for the Northern District of New York shall maintain the current file (5:20-PF-0003) with the general title "In Re: Aimee O'Neil."   Unless otherwise ordered by the Chief Judge or his or her designee, this file shall serve as the repository of all orders relating to Respondent in this District, pleadings or documents submitted under the procedures set forth herein, any order entered pursuant thereto.   The Clerk of the Court shall also maintain a docket sheet associated with this case number and shall list all documents filed therein; and it is further

**ORDERED** that, before filing any pleadings or documents of any kind (including motions) *pro se* in the Court, Respondent must first obtain permission from the Chief Judge or his or her designee.   To do so, Respondent must submit to the Court three documents in the form described below: (1) a petition requesting leave to file; (2) an

---

[1]     This injunction applies to, among other things, continued filings of documents by Respondent as a *pro se* plaintiff in the following actions: (1) an action opened by her in this Court through the filing of a complaint, a motion, an application, or any other means; (2) an action opened by her in another federal district court and transferred to this Court, when that action clearly should have been venued in this District, *see In re: Leon R. Koziol,* 15-AF-0005, Order, at 2-3 & n.2 (N.D.N.Y. filed Dec. 19, 2019) (Suddaby, C.J.) (collecting cases); and (3) an action opened by her in state court and removed to this Court by any party, when that action was laden with federal claims (especially claims based on grounds previously trodden by her in this Court, and asserted against defendants who had been previously sued by her in this Court on similar grounds), *see In re: Leon R. Koziol,* 15-AF-0005, Order, at 2-5 & nn.3 (N.D.N.Y. filed Dec. 19, 2019) (Suddaby, C.J.) (collecting cases).

affidavit; and (3) a copy of the pleading or document sought to be filed.   The filing shall be entitled "Application Pursuant to Court Order Seeking Leave to File," and shall contain the assigned file number in the caption; and it is further

**ORDERED** that a petition requesting leave to file must contain the following information:

(1) a statement advising the Court whether any defendant to the lawsuit was a party, litigant, judge, attorney, court officer, public official or participant to, or was in any way involved in, any prior lawsuit or bankruptcy proceeding involving Respondent, and if so, in what capacity;

(2) a list of all lawsuits in the United States District Court for the Northern District of New York, Court of Appeals for the Second Circuit, and state courts in which Respondent was or is a party, including (a) the name, case number and citation, if applicable, of each lawsuit, and (b) a statement indicating the nature of Respondent's involvement in each lawsuit and its current status or disposition;

(3) a list of all federal or state cases in which a judgment was rendered against Respondent, if any, including (a) the name, case number and citation, if applicable, (b) the amount of the judgment rendered against her, and (c) the amount, if any, of the judgment that remains outstanding and the reasons therefor;

(4) a list of all federal or state cases in which a judgment was rendered in favor of Respondent, if any, including the name, case number and citation, if applicable; and

(5) a list identifying the procedural or monetary sanctions, assessment of attorneys' fees, contempt orders or jail sentences arising out of a civil prosecution imposed against her by any court, including all appellate courts, if any, including (a) the name, case number and citation, if applicable, of each case, (b) a brief statement explaining the sanctions, contempt order, attorneys' fees or jail sentence imposed, (c) the type or amount of sanctions, (d) the outstanding amount of any sanctions or attorneys' fees, and (e) the current status or disposition of the matter; and it is further

**ORDERED** that Respondent shall also submit with the above-described petition an affidavit, in the proper legal form, with appropriate jurat and notarization, containing the following recitals:

(1) that the pleading or claims Respondent wishes to present, or the relief she seeks, has never before been raised by her and disposed of by any federal or state court and are not, to the best of his of her knowledge, barred by the doctrines of collateral estoppel or res judicata;

(2) that (a) to the best of his knowledge the claim or claims are not frivolous or asserted in bad faith, (b) they are well-grounded in fact and warranted by existing law or a good-faith argument for the extension, modification or reversal of existing law, and (c) the lawsuit is not interposed for any improper purpose, such as to harass, cause unnecessary delay or needless increase in the cost of litigation, or to avoid the execution of a valid judgment;

(3) that the claim or claims are not meant to harass any judicial officer, attorney,

individual, organization or entity; and

(4) that, in prosecuting the action, Respondent will comply with all federal and local rules of procedure, including those requiring the service on other parties of all pleadings and documents filed with the Court, and will provide the Court with acceptable proof that such service was made; and it is further

**ORDERED** that Respondent shall include with the above-described petition and affidavit a copy of the pleading and/or any other document(s) to be filed with the Court, and that the pleading and/or document(s) shall conform with the requirements of this Pre-Filing Order, Fed. R. Civ. P. 8, all other provisions contained in the Federal Rules of Civil Procedure, and the District's Local Rules of Practice; and it is further

**ORDERED** that, upon filing of the Application Pursuant to Court Order Seeking Leave to File, the Clerk or his or her designated deputy shall docket the pleading and/or document(s) in the case and in accordance with the rules, and immediately forward them to the Chief Judge or his or her designee for review; and it is further

**ORDERED** that, if the Application Pursuant to Court Order Seeking Leave to File includes a pleading of any kind, the Clerk shall **STAY** the case and shall not issue the requisite summonses until directed to do so by the Chief Judge or his or her designee; and it is further

**ORDERED** that the Chief Judge or his or her designee should consider the following:

(1) whether Respondent has complied with the procedures set forth in this Pre-Filing Order in all particulars;

(2) whether Respondent's pleading and/or document(s) comply with the Federal Rules of Civil Procedure and the District's Local Rules of Practice;

(3) whether the pleading and/or document(s) are frivolous, abusive, harassing or malicious;

(4) whether the claims asserted in Respondent's pleading have been adjudicated previously by any state or federal court;

(5) whether Respondent has complied in all respects with Fed. R. Civ. P. 11 and all pleadings and documents would not give rise to liability for unreasonable and vexatious multiple filings;

(6) whether the pleading asserts claims against judges, court officials, public officers or any other individuals who may have immunity from suit; and

(7) whether the pleading and/or document(s) meet such other reasonable requirements established by the Court; and it is further

**ORDERED** that failure to comply with the procedures and principles set forth in this Order shall be grounds for denying the Application Pursuant to Court Order Seeking Leave to File without further review.   Likewise, false or misleading recitals in the pleading or document shall be grounds for denial and may subject Respondent to further sanctions under Fed. R. Civ. P. 11, 28 U.S.C. § 1927 and/or the Court's inherent power to sanction a litigant for bad-faith conduct or for disobeying court orders; and it is further

**ORDERED** that Respondent is further advised that nothing in this Pre-Filing Order (a) hinders her ability to defend herself in any criminal action brought against her,

(b) limits her access to any court other than the United States District Court for the

Northern District of New York, or (c) affects her rights in any of her currently pending

actions in state or federal court; and it is further

     **CERTIFIED** pursuant to 28 U.S.C. § 1915(a)(3) that <u>any appeal from this</u>

<u>Pre-Filing Order would not be taken in good faith</u>; and it is further

     **ORDERED** that the Clerk shall serve a copy of this Pre-Filing Order on

Respondent by certified mail.

Dated: August 5, 2020
       Syracuse, New York

Glenn T. Suddaby
Chief U.S. District Judge